IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLEN CALTON, | § | |
| TDCJ #1123880, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2507 |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On May 27, 2011, this Court granted summary judgment in favor of the defendants and dismissed the civil rights complaint filed by state inmate Allen Calton (TDCJ #1123880). Calton has filed a notice of appeal. Calton has now filed a motion for relief from the final judgment under Rule 60(b) of the Federal Rules of Civil Procedure [Doc. # 96]. It is his second one. The motion is denied for reasons set forth briefly below.

Under Rule 60(b), a district court "may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b) (2011). "The burden of establishing at least one of these 'exacting substantive requirements' is on

the movant," and a determination of whether that showing has been made is within the district court's discretion. *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1314 (S. D. Tex. 1994) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-75 (5th Cir. 1990)).

As outlined at length in the Court's *Memorandum and Order* dated May 27, 2011, the complaint in this case stemmed from an incident that occurred at the Byrd Unit, in Huntsville, where Calton attempted to commit suicide on September 19, 2008. Calton complained that the defendants violated his constitutional rights by failing to provide him with adequate medical care or to prevent him from attempting suicide on that date. In the pending motion, Calton does not take issue with the Court's decision to dismiss his civil rights claims under 42 U.S.C. § 1983. Calton argues, instead, that the Court erred by dismissing his state law negligence claims.

The Court notes that Calton originally raised state law claims for medical malpractice and negligence with regard to his medical care in his original complaint. However, the amended complaint in this case, filed on September 1, 2010, does not raise any state law claims. [Doc. # 52, Ex. A, at 7-10]. Under these circumstances, Calton fails to show that the state law claims were dismissed improperly or that he is entitled to relief from the final judgment.

Accordingly, it is **ORDERED** that the motion for relief from the final judgment [Doc. # 96] is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on July 15, 2011.

*[signature]*

Nancy F. Atlas
United States District Judge